STEPHENS, District Judge:
 

 Four Seas Center, Ltd. (the debtor) filed a Chapter 11 petition in bankruptcy on November 17, 1982. The debtor’s only significant asset was a five-story commercial building in Burlingame, California. At the time of filing bankruptcy, the building was subject to several deeds of trust, including a first deed of trust in favor of New York Life Insurance Company for approximately $2.4 million, and a second deed of trust in favor of Union Bank for $247,000. The third deed of trust was in favor of Davre’s, Inc., appellant herein.
 

 Davre’s had entered into a lease/management agreement with Four Seas Center, Inc. (FSC, Inc.), an entity related to the debtor, in December, 1980, which provided that Davre’s would lease and operate a restaurant on the fifth floor of the Burlin-game commercial building to be furnished and equipped by FSC, Inc. The debtor guaranteed all obligations of FSC, Inc. under the agreement; the third deed of trust secured that guarantee as well as the repayment of a $200,000 promissory note to Davre’s.
 

 In October, 1981, the debtor and FSC, Inc. filed suit against Davre’s in the District Court for the Northern District of California for fraud and breach of contract. Davre’s counterclaimed for in excess of $2,000,000, and sought judicial foreclosure on its third deed of trust. The case is now pending as Case No. 81-4404 WWS.
 

 After bankruptcy was filed, the debtor’s trial counsel was permitted to withdraw from the case, and debtor’s bankruptcy counsel appeared temporarily in the litigation. On July 29, 1983, the bankruptcy court approved the employment of special counsel to represent the debtor in the case against Davre’s. The court approved a compensation agreement between the debt- or and special counsel whereby the source of compensation would be the rental income from the Burlingame commercial property or, if the property were thereafter sold, the sale proceeds. The bankruptcy court imposed a lien on the property or proceeds from its future sale to protect special counsel’s right to compensation. The lien was placed in a position senior to all other liens on the property except the first and second deeds of trust, in favor of New York Life and Union Bank, respectively, and Davre’s third deed of trust to the extent of $200,000, plus interest.
 

 The agreement for compensation provided for a $120,000 retainer payable $20,000 immediately upon adoption of the agreement, and $10,000 each month for the following ten months. The retainer was to be kept “on account of fees incurred and billed” by special counsel at the hourly rate of $150. If Davre’s recovered a judgment in excess of $407,000, the agreement provided that counsel would be paid no more than $120,000. If Davre’s recovered a judgment of less than $407,000, counsel’s compensation would not exceed $200,000. If judgment was in the debtor’s favor, trial counsel would receive the larger of $120,-000 or a third of the judgment minus compensation already paid. The agreement
 
 *1418
 
 also specifically provided that special counsel understood that final payment of compensation under the agreement was subject to review and approval by the bankruptcy court.
 

 On September 14, 1983, the sale of the Burlingame property was approved by order of the bankruptcy court. The sale price was $5,225,000. The first and second deeds of trust on the property to New York Life and Union Bank were discharged and the claims of the other trust deed holders were transferred to the remaining proceeds of sale, which were deposited in an interest-bearing cash collateral account.
 

 On appeal to the district court, Davre’s challenged the July 29, 1983, order allowing compensation to special counsel, arguing that the bankruptcy court erred by allowing payment from the cash collateral account and by imposing a lien on the property. Upon the sale of the property, special counsel’s lien became senior to all but $200,000 of Davre’s third deed of trust. Davre’s claimed that the proceeds of sale remaining after the discharge of the two senior-most liens were insufficient to satisfy its asserted claim in the district court litigation between it and the debtor in an amount in excess of $2,000,000.
 

 On August 9, 1983, the district court affirmed the bankruptcy court’s order authorizing employment of special counsel. The district court found that Davre’s interest was adequately protected under 11 U.S.C. § 364(d)(1)(B) since, even though a recovery in the district court litigation would be covered by Davre’s lien, the exact amount of that recovery was unresolved because the case was still pending. The district court accorded only $200,000 of Davre’s lien a priority status over special counsel’s lien because this was the only amount to which Davre’s was definitely entitled at that point.
 

 Davre’s appeals the August 9, 1983, order of the district court affirming the bankruptcy court’s order of July 29, 1983. The parties on appeal initially agreed that jurisdiction of this court was proper under 28 U.S.C. § 1291, claiming that the district court’s order was final under the “collateral-order” doctrine as stated in
 
 Cohen v. Beneficial Industrial Loan Corp.,
 
 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). By order dated March 7, 1984, this court raised the issue of jurisdiction
 
 sua sponte,
 
 and the parties filed supplemental briefs. See
 
 In re Martinez,
 
 721 F.2d 262, 264 (9th Cir., 1983). We find the resolution of the issue of jurisdiction to be dispositive, and so do not discuss the parties’ contentions on the merits.
 

 Our review of the district court’s order in bankruptcy proceedings is governed by 28 U.S.C. § 1293, which grants us jurisdiction only over
 
 final
 
 orders of the district court. While the district court in its discretion may review interlocutory orders of the bankruptcy court under 28 U.S.C. § 1334(b), we are given no such jurisdiction. We have, however, held that the doctrines of finality evolved under 28 U.S.C. § 1291 are not to be applied blindly to bankruptcy proceedings, but that the issue of appealability under § 1293 must follow “a pragmatic approach.”
 
 In re Mason,
 
 709 F.2d 1313, 1318 (9th Cir., 1983). The mere fact that the underlying order of the bankruptcy court may have been technically interlocutory does not automatically defeat the jurisdiction of this court to entertain an appeal of the district court’s decision.
 
 In re White,
 
 727 F.2d 884, 885 (9th Cir., 1984).
 

 Nevertheless, an order to be reviewable under § 1293 must at least finally determine the discreet issue to which it is addressed, as is the case with an order entirely terminating an adversary proceeding. See
 
 In re Ellsworth,
 
 722 F.2d 1448, 1450 (9th Cir., 1984). When further proceedings in the bankruptcy court will affect the scope of the order, the order is not subject to review in this court under § 1293.
 
 In re Martinez,
 
 721 F.2d 262, 264-265 (9th Cir., 1983). We conclude that the district court’s order in this case is not final as to the amount of attorneys fees to be awarded, and accordingly is nonappeala-ble.
 

 
 *1419
 
 Davre’s claims that the bankruptcy court’s order is final because the agreement for compensation approved by the bankruptcy court “conclusively” determined the fees to be awarded to special counsel through trial and judgment. As previously mentioned, however, the agreement for compensation itself provides that each future allowance of fees requires approval by the bankruptcy court. See 11 U.S.C. §§ 328, 330(a) and 331. Special counsel was hired to represent the debtor in a suit which has yet to be resolved. Counsel’s ultimate compensation remains undetermined since, under the agreement, the exact amount depends upon the outcome of the litigation. Appellant’s contention that the agreement conclusively determined special counsel’s fees is not supported by the terms of the agreement itself.
 

 The bankruptcy court’s order had the immediate practical effect of paying special counsel the down payment on the agreed retainer for his services. This disbursement of estate funds falls into the category of an interim payment of fees. Each succeeding payment to counsel calls for bankruptcy court approval, and appellant can make objections to each of these disbursements as they arise. The district court, in its discretion, chose to hear the appeal from the bankruptcy court’s order. This court lacks the jurisdiction to hear an appeal from the district court’s affirmance of such a non-final order. See 28 U.S.C. § 1293(b).
 

 The imposition of the lien in favor of special counsel in a position superior to the balance of Davre’s secured claim, as yet undetermined, over $200,000, was not improper. Attorneys services rendered during the pendency of bankruptcy proceedings are administrative expenses. 11 U.S.C. § 503(b)(2). The imposition of the lien ahead of that portion of Davre’s claim which is greater than $200,000 was necessary because Davre’s has yet to prove the entire amount of its claim; a request for damages in a counterclaim in a suit outside of the bankruptcy proceeding itself does not constitute proof of a claim.
 

 In support of its position appellant cites
 
 In re Yermakov,
 
 718 F.2d 1465 (9th Cir., 1983). In that case, an appeal from an order awarding attorneys fees in a bankruptcy proceeding was allowed.
 
 Yerma-kov
 
 is distinguishable on its facts from this case. In
 
 Yermakov,
 
 the attorneys had been discharged from further representation of the debtors, and their full compensation had been finally determined. Any payments made in this case have been interim awards, and the final award remains uncertain.
 

 The nature of the bankruptcy court’s order also removes it from the class of orders that fall within the collateral order doctrine as expressed in
 
 Cohen v. Beneficial Industrial Loan Corp.,
 
 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). To be reviewable under
 
 Cohen,
 
 an “order must conclusively determine the disputed question.”
 
 Firestone Tire & Rubber Co. v. Risjord,
 
 449 U.S. 368, 375, 101 S.Ct. 669, 674, 66 L.Ed.2d 571 (1981), quoting
 
 Coopers & Lybrand v. Livesay,
 
 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978).
 

 In this case, the amount of special counsel's compensation has not been finally settled. Davre’s claims that “every dollar paid to special counsel directly diminishes the monies available to pay Davre’s claim.” The problem with this argument is that the amount of Davre’s claim which exceeds $200,000 is an expectancy which rests upon the uncertainties of litigation. The order from which Davre’s appeals therefore does not fall within the
 
 Cohen
 
 exception. Nor is it sufficiently conclusive to fall within the rule of
 
 Forgay v. Conrad,
 
 47 U.S. (6 How.) 201, 204, 12 L.Ed. 404 (1848), where appeal was allowed of an order that awarded property and left nothing more to be done than an accounting. See
 
 In re Mason,
 
 709 F.2d 1313, 1318 (9th Cir., 1983).
 

 The district court’s order affirming the bankruptcy court’s approval of the retention of special counsel was not a final order. We lack jurisdiction to hear this appeal. The appeal is therefore DISMISSED.