**In the Matter of SARASOTA LAND COMPANY, Debtor.**

**Bankruptcy No. 83–63.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

March 31, 1986.

---

M. Jay Lancer, Sarasota, Fla., for debtor.

Malka Isaak, Tampa, Fla., for petitioning creditors.

Dana J. Watts, Sarasota, Fla., for Lucas Real Estate Investment.

Langfred White, St. Petersburg, Fla., for Scott Nicholson.

Jerome Kraisinger, Tampa, Fla., for Kusic & Kirtley.

ORDERS ON MOTIONS CONCERNING NUNC PRO TUNC EMPLOYMENT AND COMPENSATION OF PROFESSIONALS AND RELATED PLEADINGS

ALEXANDER L. PASKAY, Chief Judge.

THE MATTERS before the Court in this Chapter 11 case are the Motion To Revoke

Nunc Pro Tunc Order Authorizing Employment Of Real Estate Brokers And Requiring Return Of Monies Paid To Professional Persons, filed by the Debtor, and the objections thereto; and the Motion For Entry Of An Order Nunc Pro Tunc Authorizing Employment Of Real Estate Brokers, Lucas Real Estate Investments, Inc., and Approval Of Disbursements Of Real Estate Commission, filed by Lucas Real Estate Investments, Inc. (Lucas) and the objections to that Motion.

In the first Motion, the Debtor seeks an order revoking a previous order entered by this Court on May 29, 1984 which authorized the Debtor to employ real estate brokers and authorized payment of compensation to three real estate brokers in connection with the sale of real estate identified as the O'Neill property. The commissions paid pursuant to that order are as follows: Richardson Realty, Inc.—$32,000; Lucas—$11,550; and Indian Beach Land Company, Inc. (Indian Beach)—$11,550. The crux of the Debtor's argument at the hearing was that the Court should reexamine the authorization, first, because the agent who acted on behalf of Lucas, Mr. LaHurd, was the former father-in-law of the president of the Debtor corporation and, as such, had a conflict of interest which, had the Court known, would have precluded Lucas from being authorized as a broker.

The second thrust of the Debtor's argument is that the commissions are exorbitant and would not have been authorized if the sale had been accurately depicted to the Court as the single transaction that it was rather than a combination of two transactions.

Kusic and Kirtley, P.A. and Richardson Realty jointly objected to the Debtor's Motion to Revoke the Order Authorizing Real Estate Brokers. The first basis for their objection was that it was not a timely motion for rehearing and, therefore, the Court should not revisit the propriety of the professional fees. They argue, further, that the Order Authorizing Fees should not be revisited under F.R.C.P. Rule 60(b) based on newly discovered evidence unavailable within time to move for a new trial or on the basis of fraud. They contend that all relevant facts were known or should have been known to the Debtor's attorney and, further, that all relevant facts were disclosed to the Court at the time of the hearing on the Application for the Employment of Real Estate Brokers.

■ At the outset, this Court is satisfied that the Court can revisit an administrative order authorizing the Debtor's payment to professional persons at any time during the pendency of the case and that it is not necessary that this Debtor meet the requirements of F.R.C.P. Rule 59 or 60 in order to be heard.

■ The Court is satisfied on the basis of the evidence presented that even if LaHurd's relationship to a principal of the Debtor had been disclosed to the Court at the time his employment was approved, the Court would not have found that his interests were adverse to that of the estate and denied him employment on that basis. Consequently, the Order Nunc Pro Tunc Authorizing Debtor To Employ Real Estate Brokers should be reaffirmed to that extent.

■ The portion of the Order which does bear reassessment is the amount of brokerage fees paid. The fees totaled $55,100, or approximately 15.10% of the sale price of $365,000. That figure is grossly in excess of the percentage customarily found reasonable in this real estate market and should be reexamined.

The progress of the sale of the O'Neill property was somewhat unusual and can be briefly summarized as follows: The Debtor entered into a brokerage agreement with Lucas in an effort to sell what ultimately became the O'Neill property. Lucas listed the property and Indian Beach ultimately procured a buyer, Blondeau, and the purchase price was set at $231,000. Under the terms of the contract, Lucas and Indian Beach Land Company, Inc. would split the 10% brokerage fee, resulting in a commission to each of them in the amount of $11,550. Before that sale closed, how-

ever, Richardson Realty, Inc. procured a second buyer who, after some negotiation, agreed to a purchase price of $365,000. Under the terms of the second contract, $50,600 was paid to Blondeau to buy out his right to purchase under the original contract for purchase and sale. The contract further provided that, in addition to the brokerage fees earned by Lucas Real Estate Investments, Inc. and Indian Beach Land Company, Inc. in procuring the first buyer, Richardson Realty, Inc. would receive $32,000 in commissions for its efforts in procuring the ultimate buyer. As noted above, the combined commissions constitute approximately 15.10% of the total purchase price.

The record reflects that when Richardson Realty, Inc. procured the buyer, the Debtor had not been authorized to employ that company as a real estate broker and only subsequently obtained nunc pro tunc authorization. It is also without question that the estate benefited by Mr. Richardson's efforts in that the net proceeds to the Debtor under the final sales contract increased by $83,400 over that contemplated by the original sale contract. It is the considered opinion of this Court, therefore, that Richardson Realty is entitled to be compensated for the benefit it produced and is entitled to a commission limited to 10% of the net increase to the Debtor, i.e. $8,340, and should be required to refund the remaining $23,660 to the Debtor.

The Court reaffirms its ruling on the propriety of the employment and the compensation of Lucas and Indian Beach.

■ The second matter before the Court is the Motion for Entry of Order Nunc Pro Tunc Authorizing Employment Of Real Estate Brokers, Lucas Real Estate Investments, Inc., And Approval Of Disbursement Of Real Estate Commission, filed by Lucas Real Estate Investments, Inc. (Lucas). This Motion relates to Lucas' efforts in procuring a buyer for that property of the Debtor known as the Oak Street property. Although this Court has strongly endorsed the proposition that any professional who deals with a Debtor without court authority does so at its own risk, the facts in this particular case require an exception. The record reveals that the attorney for Lucas, upon learning that court authorization was necessary, drew up an Application For A Nunc Pro Tunc Order Authorizing Employment Of Lucas Real Estate and forwarded the same to the Debtor's attorney so that it could be submitted to the Court. The Debtor's attorney did file the Application, albeit sometime later, but then subsequently withdrew the Application. Relying on the assurances that the authority would be obtained and the commissions paid, Lucas performed according to its brokerage agreement with the Debtor and the sale was ultimately closed. Based on the foregoing, the Court is satisfied that the nunc pro tunc authority should be granted and finds that the commission requested, 5% of the purchase price, is reasonable and should be approved.

■ Both of the above Motions dealt with the attorney's fees held in escrow for Kusic and Kirtley pending court approval of the fees. The Debtor's Motion asked that the Court review the fees and Kusic and Kirtley request that they be approved and disbursed from the escrow account. The Court heard argument of counsel on this issue, reviewed the record and finds that the firm of Kusic, Kirtley and Gay, f/k/a Kusic and Kirtley, P.A. was approved as special counsel to Sarasota Land Company nunc pro tunc for the purpose of the O'Neill closing. The Court finds, further, that the legal fees and costs in the amount of $2,252.50 are reasonable and should be disbursed to Kusic and Kirtley from the escrow account held by Sarasota Land Company and its attorney.

■ The record further reflects that in connection with the Spanish Oaks closing, no authorization to employ Kusic and Kirtley has been requested and none given and, further, there is no application for fees as required by Bankruptcy Rule 3016 made by that firm. Consequently, any payment to that firm would be improper. Based on the foregoing, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Revoke Nunc Pro Tunc Order Authorizing Employment of Real Estate Brokers and Requiring Return of Monies Paid to Professional Persons, filed by the Debtor be, and the same is hereby, granted in part and denied in part and Richardson Realty, Inc. is directed to return $23,660.00 of the commission disbursed to it at the O'Neill closing and the Court reaffirms its ruling on the propriety of the employment and compensation of Lucas and Indian Beach. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Entry of An Order Nunc Pro Tunc Authorizing Employment of Real Estate Brokers, Lucas Real Estate Investments, Inc. And Approval of Disbursement Of Real Estate Commissions, filed by Lucas be, and the same is hereby, granted in part and denied in part and the Debtor is authorized, nunc pro tunc, to employ Lucas as a real estate broker for the sale of the Oak Street property and is authorized to pay and disburse the 5% commission requested. The request for authorization to disburse funds to the firm of Kusic and Kirtley in connection with the Spanish Oaks closing be, and the same is hereby, denied.