**In re SARASOTA LAND COMPANY, Debtor.**

**Bankruptcy No. 83-63-BKC-8P1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Sept. 6, 1988.

M. Jay Lancer, Sarasota, Fla., for debtor.

Malka Isaak, Tampa, Fla., for petitioning Creditors.

Dana J. Watts, Sarasota, Fla., for Lucas Real Estate Inv.

Langfred White, St. Petersburg, Fla., for Scott Nicholson.

Jerome Kraisinger, Tampa, Fla., for Kusic & Kirtley, P.A.

Douglas P. McClurg, Holland & Knight, Tampa, Fla., for Richardson Realty, Inc.

## MEMORANDUM OPINION AND ORDER ON REMAND

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a confirmed Chapter 11 case and the matter under consideration is the right of Richardson Realty, Inc. (Richardson Realty), to be compensated for its services rendered to the estate in connection with the sale of the assets consisting of real properties of Sarasota Land Company (Debtor). The matter is before this Court pursuant to an Order entered by the United States District Court for the Middle District of Florida, on appeal, which remanded the matter to this Court for additional consideration. The procedural background of the present controversy as appears from the record is as follows:

On May 29, 1984, this Court entered an Order authorizing the nunc pro tunc employment by the Debtor of Richardson Realty, and to pay Richardson Realty the sum of $32,000, representing a brokerage commission based on services previously rendered by Richardson Realty in negotiating a court-approved sale of certain property of the estate.

On May 23, 1985, almost a full year later, the Debtor filed a Motion entitled, "Motion to Revoke Nunc Pro Tunc Order Authorizing Employment of Real Estate Brokers and Requiring Return of Monies Paid to Professional Persons". The Motion sought an order from this Court vacating the prior orders, one which approved the Application for Sale of Real Estate and the other which authorized the Debtor to employ Richardson Realty nunc pro tunc and to pay a real estate commission in conjunction with the sale approved by the Court. The Motion also sought an Order requiring all profes-

**154**

sional persons paid in this case to place monies received by them in the registry of the court pending this Court's reconsideration as to what compensation, if any, should be paid to professional persons involved in the closing. The basis for the Motion was that the net proceeds from the sale of the property, which, as noted, was negotiated by Richardson Realty, were less than had originally been contemplated by the Debtor, and as the result left no funds to pay the attorney fees to M. Jay Lancer, counsel of record for the Debtor.

On August 30, 1985, having granted the Motion for Rehearing, this Court held a final hearing to consider the merits of the Motion. On March 31, 1986, 59 B.R. 657, this Court entered an order reducing the commission to Richardson Realty from $32,000 to $8,340 and required Richardson Realty to refund the balance of $23,660 to the Debtor. This Order was appealed by Richardson Realty and on February 19, 1988, the District Court for the Middle District of Florida entered the memorandum decision which remanded the case to this Court and directed that this Court consider whether it had authority to consider the Motion to Vacate Orders under either 11 U.S.C. § 328(a), under its inherent equitable powers, or pursuant to Bankruptcy Rule 9024 which makes F.R.C.P. 60 applicable to bankruptcy cases. Finally, in the event F.R.C.P. 60 governs, this Court was directed to determine whether the Motion to Vacate Orders in question was timely filed.

Section 328(a) of the Bankruptcy Code permits a bankruptcy court to authorize employment of a professional person on any reasonable terms. This Section further provides, however, that notwithstanding the initial approval of the terms of employment, the Court may reconsider the order awarding fees and allow compensation different from the compensation originally approved, if it is determined that the original compensation approved turns out to be improvident in light of developments which could not have been anticipated.

It should be pointed out at the outset that as the District Court noted, § 328(a) of the Bankruptcy does not provide a basis for reconsideration of a nunc pro tunc order approving fees for professional services already rendered. Moreover, this Court did not rely on § 328(a) of the Bankruptcy Code in reconsidering the nunc pro tunc order under consideration, but instead relied on its equitable powers to revisit an administrative order. Thus, as the District Court already held, all motions for reconsideration of bankruptcy court orders are, unless specifically excepted, subject to reconsideration only pursuant to Bankruptcy Rule 9024, which in turn adopts Federal Rule of Civil Procedure 60, *citing, In re Six and Forty Investment Group,* 752 F.2d 515 (10th Cir.1985) and *In re Whitney Forbes, Inc.,* 770 F.2d 692 (7th Cir.1985). Further, this Court's allowance of nunc pro tunc professional fees was a final order, *see e.g., In re Four Seas Center, Ltd.,* 754 F.2d 1416 (9th Cir.1985) unless a party obtains relief from the order in question pursuant to F.R.C.P. 60.

F.R.C.P. 60 governs relief from judgments or orders and provides in pertinent part as follows:

**Rule 60. Relief from Judgment or Order**

(b) Mistakes; Inadvertance, Excusable Neglect; Newly Discovered Evidence; Fraud, etc.

On motion and upon terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons:

(1) mistakes, inadvertance, surprise, or excusable neglect; ...

(6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken ...

The Debtor argues that the ground for reconsideration under Rule 60(b) was a mistake, i.e., the Debtor's mistaken understanding that the sale would produce enough funds for payment of attorney fees even after the payment of the broker's

commission in the amount approved by this Court by the Nunc Pro Tunc Order under consideration. Further, it is the contention of the Debtor that as the Motion was filed within one year, it was timely filed and further, that if this Court determines that it was not timely filed, there was no prejudice to Richardson Realty. In opposition of the proposition urged by the Debtor, it is the contention of Richardson Realty that there are no grounds under F.R.C.P. 60(b) which support this Court's reconsideration of the Order, and in any event the Motion for Reconsideration was not timely filed as it was not filed within a reasonable time after the entry of the Order from which the relief sought.

Based on this record, this Court is satisfied that F.R.C.P. 60(b)(2)–(5) are inapplicable in this instance as there are no allegations of newly discovered evidence, fraud, or misrepresentation. This leaves for consideration whether or not the Debtor is entitled to be relieved from the Order based on mistake or pursuant to the catch-all provision of F.C.R.P. 60(b) which authorizes the relief for any other reasons justifying the relief from the judgment or the order.

■ First, it should be pointed out that the Rule, while it has a one year limitation, also requires that the motion for relief shall be made within reasonable time and in any event not more than one year. What is reasonable is, of course, depending on the facts of each case and in the case of a mistake it is obvious that the motion must be filed promptly after discovering the mistake. In this context, the Court usually considers the parties' interest in the finality of the order or the judgment, the reason for delay, the ability of the party seeking relief to learn earlier of the grounds for relief and lastly, the possible prejudice to the other parties who might have relied on the finality of the order. *Ashford v. Stewart*, 657 F.2d 1053 (9th Cir.1981). In this particular instance, the motion was filed six days short of the maximum time allowed, i.e. one year from the date of entry of the order which authorized the payment of commission to Richardson Realty. It is inconceivable to this Court that the Debtor did not find out until practically the expiration of the one year that the funds produced by the sale would not leave enough funds to pay attorney fees. Based on the foregoing, this Court is satisfied that the Motion was not filed within a reasonable time and, therefore, should be denied.

■ Even assuming, without admitting, that since the Motion was filed technically within the one year it still should be considered, the Court must consider the only possible basis for relief, the alleged mistake urged by the Debtor which is the only possible subsection which might support the position urged by the Debtor.

This Court is hard pressed to find any mistake, inadvertance, surprise, or excusable neglect based on this record. The Application for approval of the sale set forth in extreme detail the terms and conditions of the real estate contract, including the purchase price and the commission structure. In fact, the Nunc Pro Tunc Application for Compensation filed by counsel of record for the Debtor who prepared the Nunc Pro Tunc Application urged at that time that the brokerage commissions were fair and reasonable and within the market rate of the area. The fact of the matter is that what really occurred here was nothing more than a gross miscalculation by counsel of the total amount of debt secured by liens encumbering the subject property who now complains about the Order allowing commissions not because the commissions fixed by this Court were unfair or unreasonable, but because the sale did not leave enough money to pay his fees, at least not in the amount sought.

Based on these undisputed facts, one would be hard pressed to accept the proposition urged by the Debtor that the Order allowing the commission to Richardsons Realty was based on an honest mistake of all parties involved and not on a unilateral mistake of counsel who miscalculated the amount of liens which had to be satisfied from the proceeds of the sale. This fact, coupled with the fact that the Debtor itself considers that the amount to Richardson Realty was fair and reasonable and compa-

rable with the prevailing market rate, leads this Court to find that the Debtor failed to demonstrate any justification for the relief it seeks.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Order on Motion Concerning Nunc Pro Tunc Employment and Compensation of Professionals entered by this Court on March 31, 1986, be, and the same is hereby, vacated. It is further

ORDERED, ADJUDGED AND DE-CREED that the Motion to Revoke Nunc Pro Tunc Order Authorizing Employment of Real Estate Brokers and Requiring Return of Monies Paid to Professional Persons be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DE-CREED that the Order Nunc Pro Tunc Authorizing Debtor to Employ Real Estate Brokers and Authorizing Payment of Commission be, and the same is hereby, affirmed.