**James W. KEENAN, Appellant,**

v.

**Ross M. PYLE, Liquidating Trustee, Appellee.**

No. 05–55147.

United States Court of Appeals, Ninth Circuit.

Submitted March 6, 2007.*

Filed March 8, 2007.

Samy S. Henein, Esq., Suppa, Trucchi & Henein, LLP, San Diego, CA, for Appellant.

Edward I. Silverman, Esq., Sandler Lasry Laube Byer & Valdez, LLP, San Diego, CA, for Appellee.

Before: RYMER, WARDLAW, and SMITH, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*    Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Debtor James W. Keenan appeals the district court's order affirming the bankruptcy court's order ("Protocol Order") setting a protocol for the implementation of a previously approved order closing the bankruptcy estate. Under 28 U.S.C. § 158(d), a court of appeals has jurisdiction to hear appeals "from final judgments, order, and decrees" entered by a district court on appeal from a bankruptcy court. This court employs "a pragmatic approach to deciding whether orders in bankruptcy cases are final." *Silver Sage Partners, Ltd. v. City of Desert Hot Springs (In re City of Desert Hot Springs)*, 339 F.3d 782, 788 (9th Cir.2003) (internal quotation marks omitted).

The bankruptcy court order is not final. The Protocol Order is simply a scheduling order, and as such does not involve a proceeding "so distinct and conclusive either to the rights of individual parties or the ultimate outcome of the case that final decisions as to [it] should be appealable as of right." *In re City of Desert Hot Springs*, 339 F.3d at 788 (quoting *Mason v. Integrity Ins. Co. (In re Mason)*, 709 F.2d 1313, 1317 (9th Cir.1983)). Indeed, the Protocol Order specifically provides that "[t]he court shall hear and determine any disputes which arise during, or as a result of, the document inspection process." Because the bankruptcy court may revisit the issue, the Protocol Order is not "final." *See, e.g., Four Seas Ctr., Ltd. v. Davres, Inc. (In re Four Seas Ctr., Ltd.)*, 754 F.2d 1416, 1418–19 (9th Cir.1985) (fu-

ture action by bankruptcy court on attorneys' fees precludes finality finding).

"[W]e do not have jurisdiction to review cases in which the district court affirms an order of the bankruptcy court that is not final." *Vylene Enters., Inc. v. Naugles, Inc. (In re Vylene Enters., Inc.)*, 968 F.2d 887, 895 (9th Cir.1992). Accordingly, the appeal is DISMISSED for lack of jurisdiction.[1]

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Despite representation by competent counsel and the filing of numerous appeals in this court, the Debtor's Opening Brief contains no jurisdictional statement as required by Federal Rule of Appellate Procedure 28(a)(4) and Circuit Rule 28–2.2. We thus observe that we

could have also dismissed the appeal for failure to comply with Rule 28. *See Cmty. Com. Bank v. O'Brien (In re O'Brien)*, 312 F.3d 1135, 1136 (9th Cir.2002); *see also* 9th Cir. R. 28–1(a).

