**In re VALLEY FORGE PLAZA ASSOCIATES, (A Pennsylvania Limited Partnership), Debtor.**

Civ. A. No. 90–4190.
Bankruptcy No. 89–11136S.

United States District Court,
E.D. Pennsylvania.

Sept. 28, 1990.

Robert H. Levin, Adelman Lavin Gold & Levin, Philadelphia, Pa., for debtor.

Jay Ochroch, Fox Rothschild O'Brien & Frankel, Barry Bressler, Pelino & Lentz,

Kenneth E. Aaron, Mesirov Gelman Jaffe & Cramer, Philadelphia, Pa., for creditors.

James J. O'Connell, Philadelphia, Pa., Asst. U.S. Trustee.

## MEMORANDUM

NEWCOMER, District Judge.

Before the court is a Motion to Dismiss the Appeal of Deloitte & Touche, brought by debtor Valley Forge Plaza Associates. For the reasons set forth below, the court shall grant the Motion to Dismiss.

### I. FACTUAL BACKGROUND

On March 28, 1989, Valley Forge Plaza Associates, a Pennsylvania Limited Partnership ("Debtor"), filed a voluntary petition for reorganization under Chapter 11 of the United States Bankruptcy Code. During the course of the bankruptcy proceedings, the bankruptcy court appointed an Official Committee of Unsecured Creditors ("Creditor's Committee"). By Order dated July 19, 1989, the bankruptcy court authorized the Creditor's Committee to employ Deloitte & Touche as its accountant.

The Creditor's Committee, on behalf of Deloitte & Touche, submitted to the bankruptcy court an application for compensation for services rendered and reimbursement of expenses for the period July 11, 1989 through November 25, 1989. Deloitte & Touche sought compensation in the amount of $68,683.50 for services rendered and $1,554.00 for reimbursement of costs. On April 24, 1990, the bankruptcy court entered an Order allowing the sum of $53,-867.00 for services rendered and $1,010.94 for reimbursement of expenses, to be awarded Deloitte & Touche as interim compensation for the period July 11, 1989 through November 25, 1989.

Deloitte & Touche filed an appeal with this court challenging the reduction of its fees and expenses by the Order of the bankruptcy court. Debtor filed this motion to dismiss the appeal, contending that this court lacks appellate jurisdiction to hear the appeal of Deloitte & Touche.

The debtor's bankruptcy case is still pending and Deloitte & Touche is continu-

ing to do work on behalf of the Creditor's Committee.

## II. DISCUSSION

■ Appeals from the United States Bankruptcy Court for the Eastern District of Pennsylvania are governed by 28 U.S.C. § 158 and Bankruptcy Rules 8001, et seq. Under 28 U.S.C. § 158, the district courts of the United States have jurisdiction "to hear appeals from final judgements, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." Furthermore, Bankruptcy Rule 8001 provides in pertinent part:

(a) An appeal from a final judgment, order, or decree of a bankruptcy judge to a district court ... shall be taken by filing a notice of appeal with the clerk....

(b) An appeal from an interlocutory judgment, order, or decree of a bankruptcy judge ... shall be taken by filing a notice of appeal, as prescribed in subdivision (a) of this rule, accompanied by a motion for leave to appeal....

Debtor argues that an interim fee award is an interlocutory order and therefore, is not appealable unless the appellant is granted leave to appeal. Deloitte & Touche contend that the bankruptcy court order appealed from is a final appealable order. Therefore, this court must initially determine whether the order of the bankruptcy judge, awarding interim fees to Deloitte & Touche, is an interlocutory order or whether it is a final order.

The courts have consistently held that the allowance of interim professional fees is interlocutory in nature. *In the Matter of Evangeline Refining Co. (Continental Illinois National Bank & Trust Company of Chicago v. Wooten)*, 890 F.2d 1312, 1321 (5th Cir.1989). *In re Four Seas Center, Ltd. (Four Seas Center, Ltd. v. Davres, Inc.)* 754 F.2d 1416, 1419 (9th Cir.1985); *In re Callister, (Callister v. Ingersoll–Rand Financial Corporation)*, 673 F.2d 305, 306

(10th Cir.1982). The court in *Callister* found that, "interim awards ... are in no respect final adjudications on the question of compensation. Such awards are therefore interlocutory." *Id.* at 306–307. Also, interim awards are subject to final adjustment, making them interlocutory in nature. *Evangeline*, 890 F.2d at 1321. In the instant case, Deloitte & Touche received compensation for a single interim period and continue to do work on behalf of the Creditor's Committee in the ongoing bankruptcy proceedings. The interim fee awarded Deloitte & Touche is the same as discussed in *Callister* and *Evangeline*, and, is in no way a final adjudication on the question of compensation in the pending bankruptcy proceeding.

Deloitte & Touche rely on two cases to support the contention that the bankruptcy court order is a final appealable order. The first case is *In re Rheam of Indiana, Inc.*, 98 B.R. 193 (E.D.Pa.1989). In *Rheam*, the bankruptcy court entered an order to employ a law firm. In the order, the bankruptcy judge limited the hourly rate of compensation, and the law firm appealed the order. However, the order appealed from in *Rheam* did not concern an interim fee award as in the instant case. The bankruptcy court order in *Rheam* was entered before the law firm did any work on behalf of the Creditor's Committee, and therefore, could not be interim compensation. The second case relied on by Deloitte & Touche, *In the Matter of Buff–Henley Paper Company*, 75 B.R. 551 (E.D.Pa. 1987), does not discuss the issue of whether an interim fee award is interlocutory or final. Therefore, neither case relied on by Deloitte & Touche supports the contention that an interim fee award is a final appealable order.

Accordingly, the court finds that the bankruptcy court's Order in the present case, allowing interim professional fees to Deloitte & Touche, is clearly interlocutory.

■ Deloitte & Touche argue that even if the bankruptcy court's Order is interlocutory, the district court still has appellate jurisdiction. Deloitte & Touche rely on

Bankruptcy Rule 8003(c), which provides in pertinent part:

> If a required motion for leave to appeal is not filed, the district court ... may grant leave to appeal or direct that a motion for leave to appeal be filed. The district court ... may also deny leave to appeal but in so doing shall consider the notice of appeal as a motion for leave to appeal....

Deloitte & Touche contend that, because they filed timely notice of appeal, the court can grant them leave to appeal. However, the court also has the discretion to deny leave to appeal. Deloitte & Touche will continue to receive compensation throughout the bankruptcy proceedings, and will have opportunities for reapplication and review of compensation awards. Moreover, Deloitte & Touche's final compensation, including all interim fee awards, will be subject to final adjustment. In addition, Deloitte & Touche offer no compelling argument supporting a reason why the court should grant leave to appeal at this time. Therefore, the court finds that there is no meritorious basis upon which to grant Deloitte & Touche leave to appeal the interlocutory order of the bankruptcy court and shall grant debtor's motion to dismiss.