**In the Matter of ASHOKA
ENTERPRISES, INC.,
Bankrupt.**

**Stephen BABIC, Appellant,**

**v.**

**FORD MOTOR CREDIT
CORP., Appellee.**

**Bankruptcy No. 92–8743–CIV.**

United States District Court,
S.D. Florida,
Miami Division.

May 14, 1993.

Kenneth S. Rappaport, Kenneth S. Rappaport, P.A., Boca Raton, FL, for appellant.

Stanley H. Wakshlag, Susan N. Eisenberg, Akerman, Senterfitt & Eidson, Miami, FL, for appellee.

## ORDER GRANTING MOTION TO DISMISS APPEAL

MORENO, District Judge.

THIS CAUSE came before the Court upon the Ford Motor Credit Corporation's Motion to Dismiss (docket no. 9).

THE COURT has considered the Motion, responses, the pertinent portions of the record and has been otherwise fully advised in open court.

Based on the following analysis, the Motion to Dismiss the Appeal is GRANTED.

### FACTS

The Appellant Stephen Babic was a guarantor of a promissory note secured by a mortgage on real and personal property and executed by the Debtor Ashoka Enterprises in favor of Appellee Ford Motor Credit Corporation. On November 1, 1989, Ashoka filed in bankruptcy court a Chapter 11 petition which was later converted to a Chapter 7 petition. Ford Motor filed a claim against the bankruptcy estate for money owed pursuant to the promissory note. The property which secured the note was the subject of a Final Judgment of Foreclosure entered by the Circuit Court of the 18th Judicial Circuit, Brevard County, Florida, Case No. 90–16694–CA–J, in favor of Ford Motor and against Ashoka.

Ford Motor was the successful bidder at the foreclosure sale, and Ford Motor then filed an amended proof of claim to the bankruptcy court to collect the balance of the debt. In the bankruptcy proceeding, there was a dispute as to the proper date on which to value the property in order to determine the amount of the deficiency. The trustee argued that the appropriate date to value the collateral was the date of the filing of the original petition. According to Ford Motor, the proper date was the date of the foreclosure sale.

The bankruptcy court heard oral argument on October 6, 1992. In an oral ruling on October 9, 1992 and in a written order dated October 21, 1992 and entered on October 22, 1992, the bankruptcy court found that the proper date on which to value the property was the date of the foreclosure sale. Babic filed an appeal of the court order on November 2, 1992. The bankruptcy court tried the issue of Ford Motor's claim against the Ashoka estate from October 19, 1992 to October 21, 1992 and announced an oral ruling on October 21, 1992. A written order was entered by the bankruptcy court on November 10, 1992. Babic has not appealed the bankruptcy court's order of November 10, 1992.

### ANALYSIS

Babic's Statement of Issue on Appeal presents the issue as follows: whether the bankruptcy court erred in determining that the date of valuation was the date of the foreclosure sale as opposed to the date of the filing of the original bankruptcy petition. Ford Motor has argued in its Motion to Dismiss Appeal that this court lacks jurisdiction to hear the appeal because the bankruptcy court's written order of October 22, 1992 is neither a final order nor an appealable interlocutory order.

Ford Motor also has argued in its motion that the appeal of the October 22, 1992 order was rendered moot by the November 10, 1992 Final Order. The court does not address this argument. The appeal is dismissed because the court finds that the bankruptcy court's order is not a final order and is not an appealable interlocutory order.

Federal district courts are vested with jurisdiction to hear appeals from bankruptcy court decisions by 28 U.S.C. § 158(a):

> The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

Accordingly, the court's inquiry into its jurisdiction to hear the appeal of the bankruptcy court's order requires two steps.

First, the court must determine whether the bankruptcy court order is a final order appealable by right. If the order is not a final order, the court next must determine whether the order is an appealable interlocutory order.

## A. The Bankruptcy Court Order Determining Date of Valuation is Not a Final Order.

A final determination is " 'one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.' " *Charter Co. v. Prudential Ins. Co. (In re Charter Co.)*, 778 F.2d 617, 621 (11th Cir.1985) (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)). In bankruptcy proceedings, however, it is generally only the particular controversy which must have been resolved for the order to be considered "final." *Id.* (citing *In re Saco Local Dev. Corp.*, 711 F.2d 441, 443–46 (1st Cir. 1983); *United States v. Air Florida, Inc.*, 48 B.R. 749, 750 (S.D.Fla.1984)).

■ An order is not final if it only disposes of an incidental procedural issue during the bankruptcy proceedings. *Providers Benefit Life Ins. Co. v. Tidewater Group, Inc. (In re Tidewater Group, Inc.)*, 734 F.2d 794, 796 (11th Cir.1984) (citing *Stewart v. Kutner (In re Kutner)*, 656 F.2d 1107, 1111 (5th Cir.1981), *cert. denied*, 455 U.S. 945, 102 S.Ct. 1443, 71 L.Ed.2d 658 (1982)). Instead, for an order to be final, the bankruptcy court must have resolved the litigation, decided the merits, determined the rights of the parties, settled liability, or established damages. *Id.* (citing *Callister v. Ingersoll–Rand Fin. Corp. (In re Callister)*, 673 F.2d 305 (10th Cir. 1982)).

■ The Eleventh Circuit has held in the *Regency Woods Apartments* case that the principle of finality of bankruptcy court orders is subject to the qualifications and limitations of the *Forgay–Conrad* rule announced in *Forgay v. Conrad*, 47 U.S. (6

How.) 201, 12 L.Ed. 404 (1848), and the collateral order doctrine of *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). *Growth Realty Companies v. Regency Woods Apartments (In re Regency Woods Apartments, Ltd.)*, 686 F.2d 899, 902 (11th Cir. 1982).[1] The *Forgay–Conrad* rule treats an order as final if the order "directs the immediate delivery of physical property and subjects the losing party to irreparable injury if appellate review must await the final outcome of the litigation." *Regency Woods Apartments*, 686 F.2d at 902 (citing 9 Jeremy C. Moore, *et al.*, *Moore's Federal Practice* ¶ 110.11 (2d ed. 1982)). Under the *Cohen* doctrine, an order will be reviewable if

(1) the order is independent and easily separable from the substance of other claims in the action;

(2) the order presents a need to secure prompt review in order to protect important interests of any party; and

(3) the order is examined in the light of practical, rather than narrowly technical, considerations.

*Id.* (citing *In re Covington Grain Co.*, 638 F.2d 1357, 1360 (5th Cir.1981)).

■ The bankruptcy court's order determining the date of valuation is not a final order, even when evaluated under the more liberal standard applied to bankruptcy proceedings. The order did not pass title to any property and did not direct delivery of any property. It did not award execution and did not determine the merits of the case or the substantive rights of the parties. Furthermore, the bankruptcy ruling on the issue of the proper date of valuation did not settle liability, did not establish damages, and did not determine what claim Ford Motor had against the Ashoka estate.

Additionally, the bankruptcy order does not meet the requirements of the *Forgay–Conrad* rule or the *Cohen* collateral order doctrine. As discussed above, the order

---

1. The *Regency Woods* case involved 28 U.S.C. § 1293, the predecessor to 28 U.S.C. § 158. However, the Eleventh Circuit has applied the *Regency Woods* case to Section 158(d), holding that both Section 1293 and Section 158 should be interpreted similarly. *See TCL Investors v. Brookside Sav. & Loan Ass'n (In re TCL Investors)*, 775 F.2d 1516, 1518 (11th Cir.1985), *reh'g denied*, 781 F.2d 905 (11th Cir.1985).

did not direct the immediate delivery of physical property thus subjecting the losing party to irreparable injury if review were delayed. There also has been no showing of a need to secure prompt review to protect any important interests of Babic.[2]

Therefore, Babic has no right to appeal the bankruptcy court order determining the date of valuation because the order is not a final order.

### B. The Bankruptcy Court Order is Not an Appealable Interlocutory Order.

Under the Bankruptcy Rules, an appellant must obtain leave of court from the district court to appeal a bankruptcy court order. Bankruptcy Rule 8001(b). The motion for leave to appeal must contain the following:

    (1) a statement of the facts necessary to an understanding of the questions to be presented by the appeal;

    (2) a statement of those questions and of the relief sought;

    (3) a statement of the reasons why an appeal should be granted; and

    (4) a copy of the judgment, order, or decree complained of and of any opinion or memorandum relating thereto.

Bankruptcy Rule 8003(a). If the appellant fails to file a motion for leave to appeal but instead files a timely notice of appeal, the district court may grant leave to appeal or may direct that a motion for leave be filed. Bankruptcy Rule 8003(c).

While Ford Motor acknowledges that the failure to file a motion for leave to appeal alone cannot justify a dismissal of the appeal, it argues that the appellant must provide the court in its Notice of Appeal with the requisite information required by Bankruptcy Rule 8003(a). According to Ford Motor, Babic has failed to supply the court with the required information in its Notice of Appeal, and therefore its appeal should be dismissed. Babic has countered that its brief addresses the Rule 8003(a) requirements and provides the court the information necessary to grant leave to appeal.

Even if this court agrees with Babic that Rule 8003(a) information has been provided, the court still needs to address whether the bankruptcy court's order is appealable. The bankruptcy statute does not provide district courts with criteria to apply when determining whether to grant leave to appeal an interlocutory order under 28 U.S.C. § 158(a). Courts have applied the standards provided in 28 U.S.C. § 1292(b), which governs discretionary interlocutory appeals from district courts to courts of appeals. *See, e.g., Charter Co. v. Prudential Ins. Co. (In re the Charter Co.)*, 778 F.2d 617, 620 n. 5 (11th Cir.1985). Applying Section 1292 to bankruptcy court appeals, a district court may grant leave to appeal an interlocutory order if it determines the following:

    (1) the order involves a controlling question of law;

    (2) there is a substantial ground for difference of opinion; and

    (3) an immediate appeal would materially advance the ultimate termination of the litigation.

28 U.S.C. § 1292(b).

    Therefore, even if this court were to consider Babic's Notice of Appeal as a Motion for Leave to Appeal and were to determine that the requirements of Rule 8003(a) have been met, the court nevertheless would find that the bankruptcy court order is *not* an appealable interlocutory order. Babic claims in its response to Ford Motor's motion that immediate review of the bankruptcy order *would have served* to avoid an unnecessary trial as to the factual issue of the value of the collateral. However, Babic has failed to show how an immediate appeal would advance the ultimate termination of the litigation. As argued by Ford Motor, the appeal would not advance the litigation, as the trial on the objection to Ford Motor's claim was completed on October 21, 1992. Consequently, the requirements of Section 1292(b) have

---

**2.** In its response to Ford Motor's Motion to Dismiss Appeal, Babic argues that the bankruptcy court order was an appealable interlocutory order. Babic has not argued that the order was a final order appealable by right.

not been satisfied, and the bankruptcy court's order determining the date of valuation is not an appealable interlocutory order.

## CONCLUSION

The bankruptcy court order determining the date of valuation of the collateral property is neither a final order nor an appealable interlocutory order. Accordingly, Ford Motor's Motion to Dismiss Appeal is GRANTED, and Babic's appeal is DISMISSED.

DONE AND ORDERED.