In re **IMMENHAUSEN CORPORATION,**
Debtor.

**BERLINER HANDLES–UND
FRANKFURTER BANK,**
Appellant,

v.

**IMMENHAUSEN CORPORATION,**
and Pryor, Cashman, Sherman
and Flynn, P.A., Appellees.

No. 93–1772–CIV–T–17(B).

United States District Court,
M.D. Florida,
Tampa Division.

March 8, 1994.

John J. Lamoureux, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, FL, for Immenhausen Corp.

## ORDER ON APPEAL

KOVACHEVICH, District Judge.

THIS CAUSE is before the Court on Appeal from the Bankruptcy Court's Order Allowing Compensation and Reimbursement of Expenses (Compensation Order) dated July 1, 1993, and the Bankruptcy Court's Order on Motion to Clarify Order Allowing Compensation and Reimbursement of Expenses and Request for Findings of Fact by Berliner Handles–Und Frankfurter Bank (Clarification Order) dated August 20, 1993. Berliner Handles–Und Frankfurter Bank (Appellant) wishes this Court to reverse the Bankruptcy Court's Orders, insofar as the Orders allow Pryor, Cashman, Sherman and Flynn, P.A. (Appellee Law Firm) to draw on the prepetition retainer and direct Immenhausen Corporation (Appellee Debtor) to pay interim postpetition attorneys' fees and expenses to the Law Firm.

### FACTUAL BACKGROUND

On December 19, 1986, Appellee Debtor executed notes and mortgages in favor of Appellant, granting Appellant a security interest in a 187,000 square foot shopping center in Tampa, Florida, worth $16,500,000.00. (Initial Brief of Appellant at 1; Reply Brief of Appellee Debtor at 5). Appellant perfected its security interest in the shopping center. (Initial Brief of Appellant at 1). In March 1992, Appellant accelerated the balance of the notes and mortgages. (Initial Brief of Appellant at 1; Reply Brief of Appellee Debtor at 6). Appellant further made a demand for rents, thus perfecting its security interest in the rents under Florida Statutes § 697.07. (Initial Brief of Appellant at 1). At this point in early March, 1992, Appellee Debtor had a balance of $110,000.00 in its accounts. (Reply Brief of Appellee Debtor at 6).

Appellant began a foreclosure action in the Thirteenth Judicial Circuit of Florida on May 1, 1992, and sought appointment of a receiver and sequestration of rents. (Initial Brief of Appellant at 1–2). On May 28, 1992, Appellee Law Firm received from Appellee Debtor a $20,000.00 retainer paid by check from the general operating account of Appellee Debt-

or. (Initial Brief of Appellant at 2). This general operating account includes all rents paid to Appellee Debtor, thus the money paid to Appellee Law Firm was subject to Appellant's perfected security interest. (Initial Brief of Appellant at 2).

On June 26, 1992, Appellee Debtor filed for relief under Chapter 11 of the United States Bankruptcy Code. (Initial Brief of Appellant at 2; Reply Brief of Appellee Debtor at 6). On July 23, 1992, the Bankruptcy Court entered an Order granting authority to Appellee Debtor to use its cash collateral. (Initial Brief of Appellant at 3; Reply Brief of Appellee Debtor at 7). In that Order, the Bankruptcy Court granted a postpetition lien on Appellee Debtor's postpetition rents, issues and profits to Appellant, and further ordered Appellee Debtor to make monthly payments of $62,000.00 to Appellant. (Initial Brief of Appellant at 3; Reply Brief of Appellee Debtor at 7). On February 24, 1993, the Bankruptcy Court entered an Order valuing the shopping center property at $11,-000,000.00. (Initial Brief of Appellant at 3; Reply Brief of Appellee Debtor at 7). On March 8, 1993, Appellant filed a proof of secured claim of $11,000,000.00 and a proof of unsecured claim of $371,881.71. (Initial Brief of Appellant at 3).

On December 10, 1992, Appellee Law Firm filed an Interim Application for Allowance of Compensation and Reimbursement of Expenses, requesting $60,000.00 in fees and $4,829.20 in costs for representing Appellee Debtor from June 1992 through the end of October 1992. (Bankruptcy Docket No. 80; District Docket No. 1). On January 6, 1993, Appellant filed an objection to this application. (Bankruptcy Docket No. 86; District Docket No. 1). On March 13, 1993, Appellee Law Firm filed a Final Application for Allowance of Compensation and Reimbursement of Expenses. (Bankruptcy Docket No. 128; District Docket No. 1). On April 16, 1993, Appellant filed an objection to this application, objecting to the surcharge of the cash collateral to pay Appellee Law Firm. (Bankruptcy Docket No. 156; District Docket No. 1).

On July 1, 1993, the Bankruptcy Court entered the first of the two disputed orders, the Compensation Order. (Bankruptcy Docket No. 211; District Docket No. 1). On July 9, 1993, Appellant filed a motion to clarify the Compensation Order. (Bankruptcy Docket No. 215; District Docket No. 1). On August 20, 1993, the Bankruptcy Court entered the second of the two disputed orders, the Clarification Order. (Bankruptcy Docket No. 219; District Docket No. 1). On August 27, 1993, Appellant filed a Notice of Appeal with the Bankruptcy Court (Bankruptcy Docket No. 226; District Docket No. 1). and on October 19, 1993, the Appeal was transmitted to this Court. (District Docket No. 1).

## ARGUMENTS

Appellant first contends that the authorization of payment of the interim professional fees surcharges Appellant's cash collateral without its consent. (Initial Brief of Appellant at 6). Appellant further contends that the court erred in authorizing Appellee Law Firm to apply the prepetition retainer to the interim professional fees because the Appellant held a perfected first security interest in the Appellee Debtor's cash collateral. (Initial Brief of Appellant at 12). Finally, Appellant alternatively argues that the case should be remanded to the Bankruptcy Court to make necessary factual findings in the Orders. (Initial Brief of Appellant at 18).

Appellee Debtor first argues that this Court has no jurisdiction over this cause, because the Bankruptcy Court's Orders were interlocutory, not final, and therefore are not appealable to this Court. (Reply Brief of Appellee Debtor at 9). Appellee Debtor further contends that the award of interim attorney fees is within the discretion of the Bankruptcy Court. (Reply Brief of Appellee Debtor at 10).

Appellee Law Firm contends that the interim compensation was properly awarded. (Reply Brief of Appellee Law Firm at 8). According to Appellee Law Firm, Appellee Debtor may surcharge Appellant's cash collateral and the Bankruptcy Court's authorization of Appellee Law Firm's drawing upon the prepetition retainer was proper. (Reply Brief of Appellee Law Firm at 15, 17).

In Appellant's reply, it contends that Appellees may not include any additional issues in the appeal because they failed to timely appeal the Orders. (Reply Brief of Appellant at 2). Appellant further argues that this Court has jurisdiction to consider interlocutory appeals. (Reply Brief of Appellant at 5). It contends that because the Bankruptcy Court made no factual findings on the issue of surcharging the cash collateral, the case must be remanded to the Bankruptcy Court for such a finding. (Reply Brief of Appellant at 6). Appellant's final contention is that interim fees may not be paid from the cash collateral of an undersecured creditor. (Reply Brief of Appellant at 7).

## DISCUSSION

### I. The Bankruptcy Court Order on Compensation Is An Interlocutory Order.

■ Before this Court reaches the merits of any arguments presented in this case, it must first determine whether it has jurisdiction over the matter. Jurisdiction over appeals from final judgments, orders, and decrees of the bankruptcy courts is vested in the federal district courts. 28 U.S.C. § 158(a) (1988). The federal district courts also have discretionary jurisdiction over appeals from interlocutory orders and decrees of the bankruptcy courts, allowing such appeals to be filed with leave of court. 28 U.S.C. § 158(a) (1988); Fed.R.Bankr.P. 8001(b), 8003. In the instant case, the Bank's appeal is filed as though it was an appeal as of right from a final order of the Bankruptcy Court, under Rule 8001(a). Fed. R.Bankr.Proc. 8003(a). If this is an interlocutory order, the Bank has filed a notice of appeal, but not the required motion for leave to appeal under Rule 8001(b). Fed.R.Bankr. Proc. 8001(b). Therefore, this Court will first address the issue of whether this is a final or interlocutory order.

Appellee Law Firm entitled its original motion "Application For Allowance of Interim Compensation And Expense Reimbursement." They later filed a motion entitled "Final Motion of Pryor, Cashman, Sherman & Flynn, As Counsel To Immenhausen Corporation, For Allowance of Compensation And Reimbursement of Expenses Under 11 U.S.C. Section 330 Of The Bankruptcy Code." However, the Compensation Order which the Bankruptcy Court issued deals with only the first motion by Appellee Law Firm, not the second. Therefore, it is obvious that the Bankruptcy Court entered an order on interim compensation.

"It is well established that interim awards of compensation under 11 U.S.C. §§ 330 and 331 are interlocutory orders of the bankruptcy court, and as such they generally are not considered final judgments." *In re Boddy*, 950 F.2d 334, 336 (6th Cir.1991). *See In re Stable Mews Associates*, 778 F.2d 121, 122–23 & n. 3 (2d Cir.1985), *In re Four Seas Center, Ltd.*, 754 F.2d 1416, 1419 (9th Cir. 1985), *In re Callister*, 673 F.2d 305, 307 (10th Cir.1982), *In re Valley Forge Plaza Associates*, 119 B.R. 471 (E.D.Pa.1990), *In re Global Marine, Inc.*, 108 B.R. 1009, 1010 (S.D.Tex.1988). In the present case, Appellee Law Firm requested interim compensation under 11 U.S.C. § 330, and the Bankruptcy Court granted such compensation. Because the compensation requested and granted in this case fell under the interim compensation statute and because the Bankruptcy Court considered the award an interim award, this Court also considers the award of attorney's fees to be one of interim compensation, and therefore an interlocutory judgment.

■ Furthermore, the definition of interlocutory orders and final orders for the Middle District of Florida is found in *In re Sunstate Dairy and Food Products Co.*, 1992 WL 161138 (M.D.Fla. June 29, 1992). In that case, this Court not only defined final orders but also gave the reasoning behind the final order rule. This Court stated that under *Catlin v. United States*, 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945), "[a] final order is an order that concludes the litigation on the merits of the case and 'leaves nothing for the court to do but execute the judgment.' ... An order that is final with regard to a particular issue, but does not end the litigation on the merits, is not a final order under Catlin and is not immediately appealable." *In re Sunstate Dairy*, 1992 WL 161138

(M.D.Fla. June 29, 1992), quoting *Catlin*, 324 U.S. at 233, 65 S.Ct. at 633. This court stated the reasons behind the final order rule, citing judicial economy and efficiency, as well as "prevent[ing] parties from using interlocutory appeals to stall litigation and increase attorneys' fees." *In re Sunstate Dairy*, 1992 WL 161138 (M.D.Fla. June 29, 1992). Further, this Court pointed out the advantages to both parties of having the appellate court review the disputed issue along with the other related issues in the case, so that the appellate court could have a broader point of view. *In re Sunstate Dairy*, 1992 WL 161138 (M.D.Fla. June 29, 1992).

In the present case, the Order appealed from does not end litigation on the merits, and there is much more for the Bankruptcy Court to do. Further, the Order in question is not even final on the particular issue of attorneys' fees because it is an award of interim compensation. The Bankruptcy Court has retained jurisdiction over the amount of attorneys' fees until the case is properly concluded. Therefore, the Order appealed from is an interlocutory order, not a final order.

## II. The Bankruptcy Court Order on Compensation Is Not An Appealable Interlocutory Order.

■ Because the Order is interlocutory, not final, this Court has discretion as to whether to review the Order if an motion for leave to appeal is properly filed. Assuming that the motion was properly filed, this Court would refuse to accept jurisdiction. Under the reasoning in *In re Four Seas Center, Ltd.*, 754 F.2d 1416 (9th Cir.1985), further proceedings in the Bankruptcy Court will continue to affect the scope of the Order appealed from. As noted above, this Order was an interim award of attorneys' fees, and the Bankruptcy Court's jurisdiction over these fees will continue until the litigation in the Bankruptcy Court is complete.

Further, this Order does not fall within any of the recognized exceptions to the final order doctrine. *In re Boddy*, 950 F.2d 334 (6th Cir.1991) created an exception to the rule that orders on attorneys' fees are interlocutory when the debtor's plan was confirmed and the law firm's compensation con-clusively determined. In the present case, the law firm's compensation has not been conclusively determined as evidenced by the fact that the award was interim compensation for the firm.

*In re Yermakov*, 718 F.2d 1465 (9th Cir. 1983), created another exception to that rule, to be applied when the attorney was dismissed, and an interim award could be final with regard to the attorney. In the present case, it appears that the attorney being compensated switched law firms, but continues to represent the debtor. Because this Court is not privy to the agreement of financial compensation between the attorney, his new firm, and his old firm, it is not prepared to state that the award of interim compensation is final as to this attorney.

Two other exceptions could also apply in this case: the Forgay–Conrad rule, and the Cohen doctrine. The Forgay–Conrad rule provides for review whenever an order requires "immediate delivery of physical property and subjects the losing party to irreparable harm" if appellate review is denied until the case is finished. *Forgay v. Conrad*, 6 How. (47 U.S.) 201, 12 L.Ed. 404 (1847). In the case at bar, the Order appealed from does not require immediate delivery of physical property, because money is not generally considered physical property. Even if money were considered physical property, the Bankruptcy Court retains jurisdiction over these fees until the case is resolved, thus the Bank in the present case is not subjected to irreparable harm.

The Cohen doctrine provides that three factors must be present before an order can be reviewed. These factors include: "(1) the order must be independent and easily separable from the substance of the other claims in the action, (2) it must present a need to secure prompt review in order to protect important interests of any party, and (3) it must be examined in the light of practical, rather than narrowly technical, consideration." *In re Tidewater Group, Inc.*, 734 F.2d 794, 795–96 (11th Cir.1984). In the present case, the Order appealed from is not only difficult to distinguish from other claims because of the continuing buildup of attorneys' fees, but also does not need to be

reviewed promptly to protect a party's interests. Again because of the continuing jurisdiction of the Bankruptcy Court, there is no need to review this Order at the present time.

Therefore, the Order appealed from does not fit any recognized exception to the final order doctrine, and therefore is not immediately appealable without leave of court.

III. The Appellee's Notice of Appeal Shall Not Be Considered as a Motion For Leave to Appeal Pursuant to Rule 8003(c).

Under Rule 8003(c), a notice of leave to appeal should not automatically be dismissed by the district court. Fed.R.Bankr. Proc. 8003(c). The advisory committee note on the rule states that a court has three options; first, "to direct that a motion be filed", second "to decided exclusively on the papers already filed to grant leave to appeal", and third "to deny leave to appeal." Fed.R.Bankr.Proc. 8003(c) advisory committee's note.

Relying on the reasoning in *In re Valley Forge Plaza Associates*, 119 B.R. 471 (E.D.Pa.1990), this Court finds that it has discretion as to whether to grant or deny leave to appeal from an improperly filed notice of appeal. In this case, as in *In re Valley Forge Plaza Associates*, the law firm will continue to remain under the jurisdiction of the Bankruptcy Court. The Bankruptcy Court will have many more opportunities to review compensation awards to the law firm. Therefore, this court finds that there is no meritorious basis upon which to grant the Bank leave to appeal the interlocutory order of the Bankruptcy Court.

In the present case, because this Court has already decided that the Order in question is interlocutory, the Bankruptcy Court will have continuing jurisdiction over the matter of attorney's fees in the bankruptcy proceeding, and further litigation in this Court will not serve the end goal of deciding the merits of the case, it is

**ORDERED** that pursuant to Bankruptcy Rule 8003(c), Appellant's Notice to Appeal is not considered as a Motion for Leave to Appeal an interlocutory order of the bankruptcy judge; and it is further

**ORDERED** that the cause of action be DISMISSED for lack of jurisdiction.

**DONE and ORDERED.**