**In re HILLSBOROUGH HOLDINGS CORP., et al., Debtors.**

**SPENCER, SPENCER, DEPPER & GUTHRIE, Appellant,**

v.

**Honorable Alexander L. PASKAY, Appellee.**

No. 93–1732–CIV–T–17.

Bankruptcy Nos. 89–9715–8p1, 89–9746–8p1.

United States District Court, M.D. Florida, Tampa Division.

March 10, 1994.

Robert L. Depper, Spencer, Spencer, Depper & Guthrie, El Dorado, AR, for appellant.

**ORDER ON APPEAL**

KOVACHEVICH, District Judge.

This cause is before the Court on Appeal from the Bankruptcy Court's Order on Application for Allowance of Interim Compensation and Reimbursement of Expenses (Com-

pensation Order), dated May 19, 1993. The appellant seeks to have this Court reverse the Bankruptcy Court's order because the order awarding fees and cost did not set forth findings of fact establishing a basis for lowering the appellant's fee request.

## DISCUSSION

### I. The Order on Compensation Is An Interlocutory Order.

■ Before this Court reaches the merits of any arguments presented in this case, it must first determine whether it has jurisdiction over the matter. Jurisdiction over appeals from final judgments, orders, and decrees of the bankruptcy courts is vested in the federal district courts. 28 U.S.C. § 158(a) (1988). The federal district courts also have discretionary jurisdiction over appeals from interlocutory orders and decrees of the bankruptcy courts, allowing such appeals to be filed with leave. of court. 28 U.S.C. § 158(a) (1988); Fed.R.Bankr.P. 8001(b), 8003.

In the instant case, the appeal is filed as though it was an appeal as of right from a final order of the Bankruptcy Court, under Rule 8001(a). Fed.R.Bankr.Proc. 8003(a). If this is an interlocutory order, the appellant has filed a notice of appeal but has not filed the required motion for leave to appeal under Rule 8001(b), Fed.R.Bankr.Proc. Therefore, this Court will first address the issue of whether this is a final or interlocutory order.

Appellant entitled its original motion "Application For Allowance of Interim Compensation And Reimbursement of Expenses." Therefore, it is obvious that the Bankruptcy Court entered an order on interim compensation.

"It is well established that interim awards of compensation under 11 U.S.C. §§ 330 and 331 are interlocutory orders of the bankruptcy court, and as such they generally are not considered final judgments." *In re Boddy,* 950 F.2d 334, 336 (6th Cir.1991). *See In re Stable Mews Associates,* 778 F.2d 121, 122–23 & n. 3 (2d Cir.1985), *In re Four Seas Center, Ltd.,* 754 F.2d 1416, 1419 (9th Cir. 1985), *In re Callister,* 673 F.2d 305, 307 (10th Cir.1982), *In re Valley Forge Plaza Associ-* *ates,* 119 B.R. 471 (E.D.Pa.1990), *In re Global Marine, Inc.,* 108 B.R. 1009, 1010 (S.D.Tex.1988).

In the present case, Appellant requested interim compensation and the Bankruptcy Court granted such compensation. Because the compensation requested and granted in this case fell under the interim compensation statute and because the Bankruptcy Court considered the award an interim award, this Court also considers the award of attorney's fees to be one of interim compensation, and therefore an interlocutory judgment.

Furthermore, the definition of interlocutory orders and final orders for the Middle District of Florida is found in *In re Sunstate Dairy and Food Products Co.,* 1992 WL 161138 (M.D.Fla. June 29, 1992). In that case, this Court not only defined final orders but also gave the reasoning behind the final order rule. This Court stated that under *Catlin v. United States,* 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945), "[a] final order is an order that concludes the litigation on the merits of the case and "leaves nothing for the court to do but execute the judgment." ... An order that is final with regard to a particular issue, but does not end the litigation on the merits, is not a final order under Catlin and is not immediately appealable." *In re Sunstate Dairy,* 1992 WL 161138 (M.D.Fla.1992), quoting *Catlin,* 324 U.S. at 233, 65 S.Ct. at 633. This Court stated the reasons behind the final order rule, citing judicial economy and efficiency, as well as "prevent[ing] parties from using interlocutory appeals to stall litigation and increase attorney's fees." *In re Sunstate Dairy.* Further, this Court pointed out the advantages to both parties of having the appellate court review the disputed issue along with the other related issues in the case, so that the appellate court could have a broader point of view.

In the present case, the Order appealed from does not end litigation on the merits, and there is much more for the Bankruptcy Court to do. Further, the Order in question is not even final on the particular issue of attorneys' fees because it is an award of interim compensation. The Bankruptcy Court has retained jurisdiction over the

amount of attorneys' fees until the case is properly concluded. Therefore, the Order appealed from is an interlocutory order, not a final order.

## II. The Order on Compensation Is Not An Appealable Interlocutory Order.

■ Because the Order is interlocutory, not final, this Court has discretion as to whether to review the Order if an motion for leave to appeal is properly filed. No motion has been filed in this case. Under the reasoning in *In re Four Seas Center, Ltd.*, 754 F.2d 1416 (9th Cir.1985), further proceedings in the Bankruptcy Court will continue to affect the scope of the Order appealed from. As noted above, this Order was an interim award of attorneys' fees, and the Bankruptcy Court's jurisdiction over these fees will continue until the litigation in the Bankruptcy Court is complete.

Further, this Order does not fall within any of the recognized exceptions to the final order doctrine. *In re Boddy*, 950 F.2d 334 (6th Cir.1991) created an exception to the rule that orders on attorneys' fees are interlocutory when the debtor's plan was confirmed and the law firm's compensation conclusively determined. In the present case, it has not been established that the law firm's compensation has been conclusively determined, as evidenced by the fact that the award was interim compensation for the firm.

*In re Yermakov*, 718 F.2d 1465 (9th Cir. 1983), created another exception to that rule, to be applied when the attorney was dismissed, and an interim award could be final with regard to the attorney. In the present case, it does not appear that this is true. Based on this record the Court is not prepared to find that the award of interim compensation is final as to the appellant.

Two other exceptions could also apply in this case: the Forgay–Conrad rule, and the Cohen doctrine. The Forgay–Conrad rule provides for review whenever an order requires "immediate delivery of physical property and subjects the losing party to irreparable harm" if appellate review is denied until the case is finished. *Forgay v. Conrad*, 47 U.S. (6 How.) 201, 12 L.Ed. 404 (1847).

In the case at bar, the Order appealed from does not require immediate delivery of physical property, because money is not generally considered physical property. Even if money were considered physical property, the Bankruptcy Court retains jurisdiction over these fees until the case is resolved, thus the Bank in the present case is not subjected to irreparable harm.

The Cohen doctrine provides that three factors must be present before an order can be reviewed. These factors include: "(1) the order must be independent and easily separable from the substance of the other claims in the action, (2) it must present a need to secure prompt review in order to protect important interests of any party, and (3) it must be examined in the light of practical, rather than narrowly technical, consideration." *In re Tidewater Group, Inc.*, 734 F.2d 794, 795–96 (11th Cir.1984). In the present case, the Order appealed from is not only difficult to distinguish from other claims because of the continuing buildup of attorneys' fees, but also does not need to be reviewed promptly to protect a party's interests. Again because of the continuing jurisdiction of the Bankruptcy Court, there is no need to review this Order at the present time.

Therefore, the Order appealed from does not fit any recognized exception to the final order doctrine, and therefore is not immediately appealable without leave of court.

## III. No Motion for Leave to Appeal Has Been Filed.

Under Rule 8003(c), a notice of leave to appeal should not automatically be dismissed by the district court. Fed.R.Bankr.Proc. 8003(c). The advisory committee note on the rule states that a court has three options; first, "to direct that a motion be filed", second "to decided exclusively on the papers already filed to grant leave to appeal", and third "to deny leave to appeal." Fed. R.Bankr.Proc. 8003(c) advisory committee's note.

Relying on the reasoning in *In re Valley Forge Plaza Associates*, 119 B.R. 471 (E.D.Pa.1990), this Court finds that it has

discretion as to whether to grant or deny leave to appeal from an improperly filed or incomplete notice of appeal. In this case, as in *In re Valley Forge Plaza Associates*, the law firm will continue to remain under the jurisdiction of the Bankruptcy Court. Therefore, this court finds that there is no meritorious basis upon which to grant the Bank leave to appeal the interlocutory order of the Bankruptcy Court.

In the present case, because this Court has already decided that the Order in question is interlocutory, the Bankruptcy Court will have continuing jurisdiction over the matter of attorney's fees in the bankruptcy proceeding, and further litigation in this Court will not serve the end goal of deciding the merits of the case, it is

**ORDERED** that the that the cause of action be **dismissed** for lack of jurisdiction and the Clerk of the Court will enter judgment stating that the appealed from order is an interlocutory order and the appeal on that order has not been perfected by the appellant.

**DONE and ORDERED.**