**B.T. HAMPTON, et al.**

v.

**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, et al.**

**In re CATHEDRAL PARK PARTNERS, Debtor.**

No. 96–531–CIV–ORL–22.
Bankruptcy No. 92–05843–6C7.

United States District Court,
M.D. Florida,
Orlando Division.

Dec. 11, 1996.

Jules S. Cohen, Orlando, FL, for Jules S. Cohen.

Mark Bonacquisti, McDermott, Will & Emery, Miami, FL, for BTNH, Inc.

## ORDER

CONWAY, District Judge.

This cause comes before the Court on the Department of Housing and Urban Development's ("HUD") Motion to Dismiss Appeal for Lack of Appellate Jurisdiction (Doc. 14). Hampton and the Debtor, Cathedral Park Partners ("CPP"), appeal the Bankruptcy Court's March 29, 1996 order reinstating CPP's previously dismissed Chapter 11 case. Hampton states that this Court has jurisdiction over her appeal because the Bankruptcy Court's March 29 Order was a final, appealable order.[1] CPP incorporates by reference Hampton's entire statement of the Court's appellate jurisdiction, thus the Court need make no separate finding with regard to the subject matter jurisdiction of CPP's appeal.[2] Only Hampton filed opposition (Doc. 18) to HUD's Motion to Dismiss. For the reasons discussed below, the Court finds that it lacks subject matter jurisdiction over the appeal and that the appeal is due to be dismissed.

### I. Procedural History

The Chapter 11 case of Debtor, Cathedral Park Partners ("CPP"), was filed on October 8, 1992 and later dismissed by order of the Bankruptcy Court on October 20, 1995 [hereinafter "Dismissal Order"], after completion of a settlement agreement by HUD and others, but not including Hampton. Three days after the Dismissal Order was entered, a tax foreclosure sale of a parcel of CPP's property in Buffalo, New York was held in the City of Buffalo. Hampton was the successful bidder for CPP's property at the tax foreclosure sale.

Approximately three months later, on January 30, 1996, HUD filed a "Motion for Relief from Order Dismissing Chapter 11 Case Or,

Richard A. Goetz, Hodgson, Russ, Andrews, Woods & Goodyear, Boca Raton, FL, Kurt Grosman, Grosman & Hock, P.A., Orlando, FL, for B.T. Hampton.

Peter N. Hill, Wolff, Hill, McFarlin & Herron, P.A., Orlando, FL, for Cathedral Park Partners.

Glenn D. Gillett, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, for U.S. Dept. of Housing & Urban Development.

---

1. Cathedral Park Partners does not argue jurisdiction separately, but instead relies completely on Hampton's statement of jurisdiction: "For the reasons *stated in the brief filed by B.T. Hampton,* the bankruptcy court's 'Order Vacating the Order Dismissing Case' is a final order." Doc. 11 at 1.

2. The Court will refer only to Hampton's appeal, however, the Court's findings on its subject matter jurisdiction will determine the propriety of CPP's appeal as well.

in the Alternative, to Reopen the Chapter 11 Case." In the Relief Motion, HUD sought to vacate the October 20, 1995 dismissal order, reinstate the Chapter 11 case, and reappoint the Chapter 11 trustee, based on allegations that CPP had concealed ownership of a certain parcel of real property. The basis for the January 30 Relief Motion was "to investigate violations of the automatic stay by creditors of the debtor, to seek redress for any such violations, and [for] the automatic stay [to] be reimposed." HUD alleges that the purchaser of CPP's foreclosed tax parcel was John C. Krenitsky "acting for" Hampton. HUD, avers that Krenitsky is the same individual representing a secured creditor in the bankruptcy case of Hamlin Terrace Health Care Center, CPP's largest single tenant. Hamlin was evicted by CPP's Chapter 11 trustee and, prior to the completion of the eviction, Hamlin commenced a Chapter 11 case in the Middle District of Florida. HUD avers that the managing general partner of Hamlin, Lawrence E. White, is also the managing partner of the company that formerly operated the Debtor, CPP. HUD avers that Lawrence White orchestrated Hampton's purchase of the property on the first business day following dismissal of the CPP Chapter 11 case. In December 1995, the City of Buffalo notified Krenitsky that it was rescinding the sale of the foreclosed tax parcel. Krenitsky filed a petition in the Supreme Court of Erie County on December 22, 1995 to require the City to convey the tax parcel to Hampton. The Bankruptcy Court has not decided the impact of these allegations on CPP's Chapter 11 case.

Additionally, factual disputes remain as to (1) whether a representative of the City of Buffalo assured HUD that the CPP parcel would not be sold in the tax foreclosure sale; and (2) assuming *arguendo* that HUD was given such an "assurance," whether that assurance, without a court order, should be given effect to void the sale of the parcel.

At the hearing on HUD's motion for relief from the Chapter 11 Dismissal Order, Hampton opposed the motion, asserting that her purchase of the foreclosed parcel occurred after the dismissal of the case and after the

automatic stay had been lifted. On March 21, 1996, the Bankruptcy Judge granted the Relief Motion and memorialized the decision by Order entered on March 29, 1996 [hereinafter the "Relief Order"]. The Relief Order vacated the October 1995 Dismissal Order, reinstated the Chapter 11 case, and reappointed the Chapter 11 trustee.

On April 8, 1996, Hampton filed her Notice of Appeal of the Relief Order. On April 18, 1996, CPP filed a Notice of Appeal of the Relief Order. The appeals were transmitted to this Court on May 20, 1996. HUD (with the U.S. Trustee joining) has filed a motion to dismiss Hampton's appeal for lack of jurisdiction.

## II. HUD's Motion to Dismiss

HUD contends that the appeals should be dismissed because the May 29, 1996 Relief Order is not a final appealable order, or an interlocutory order falling within an exception. HUD also contends that the Court should dismiss Hampton's appeal because Hampton does not have standing to contest the Relief Order.

### A. Analysis

HUD's motion seeking relief from the Dismissal Order in the Bankruptcy Court was based on Federal Rule of Civil Procedure 60(b).[3] Rule 60(b) reads as follows:

**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ...

---

**3.** Federal Rule 60 is applicable to cases under the Bankruptcy Code pursuant Bankr.Rule 9024.

(4) any other reason justifying relief from the operation of the judgment.

The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed.R.Civ.P. 60(b). Hampton does not dispute that Rule 60(b) governs, or that HUD's motion was timely made, "not more than one year after the judgment."

In granting HUD's motion to vacate the dismissal and reopen the Chapter 11 case, the Bankruptcy Judge relied on Rule 60(b)(1), (2), and (6); the court restored the case to "precisely the same status that it enjoyed before the court entered its order of dismissal." Doc. 14, Transcript Excerpt of March 21, 1996 hearing, at 8.

### B. Relief Order as final or interlocutory

HUD contends that the Relief Order is not a final order and therefore, is subject to appeal only with leave of the Court. Under 28 U.S.C. § 158(a), this Court has subject matter jurisdiction to hear appeals from "final judgments, orders, and decrees" or, with leave of court, from interlocutory orders of the bankruptcy judge. 28 U.S.C.A. 158(a)(1) & (3) (West 1996). HUD contends that the Relief Order is not a final order because it does not end the litigation on the merits and it leaves considerable matters for the bankruptcy court to execute.

The Supreme Court has defined a final order as one "that concludes the litigation on the merits of the case and leaves nothing for the court to do but execute the judgment." *Catlin v. United States,* 324 U.S. 229, 65 S.Ct. 631, 89 L.Ed. 911 (1945). "An order that is final with regard to a particular issue, but does not end the litigation on the merits," is generally not considered to be a final judgment. *In re Immenhausen Corp.,* 164 B.R. 1004, 1007 (M.D.Fla. 1994). As the Middle District court stated in *Immenhausen,* the reasons behind the final order rule are to promote judicial economy and efficiency, to prevent parties from using interlocutory appeals to stall litigation and

increase attorneys' fees; and to allow the appellate court to review the disputed issue along with the other related issues in the case after all the issues have been decided. 164 B.R. at 1007.

In this case, the Bankruptcy Court ruled that the October 1995 Dismissal Order was vacated[4] and the Chapter 11 case was reinstated. Other courts addressing Rule 60(b) in this context have held that a party may seek relief from a bankruptcy court order lifting the automatic stay by filing a motion pursuant to Rules 9024 and 60(b). *In re Gledhill,* 76 F.3d 1070, 1079 & n. 8 (10th Cir.1996) (listing cases in which courts applied Rule 60(b) to vacate orders lifting automatic stay). Courts have generally held orders granting Rule 60(b) motions to be purely interlocutory and, thus, not appealable. *See* 11A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2872, at 426 (1995).

Hampton admits that orders granting Rule 60(b) motions are generally viewed as interlocutory; however, Hampton argues that, in this case, the Relief Order should be considered a final order because it allows the Bankruptcy Court to exert jurisdiction over property for which it otherwise has no jurisdiction. Hampton argues that the instant case is analogous to *In re Irvin,* in which the Seventh Circuit held an order reopening a Chapter 7 bankruptcy to be a "final" order immediately appealable to the higher court. *In re Irvin,* 950 F.2d 1318 (7th Cir.1991). However, Hampton fails to recognize the distinguishing facts and law of *In re Irvin.* First, the Seventh Circuit has adopted the "more flexible" approach to the finality of bankruptcy court orders, holding that the "finality requirement is read much more flexibly in bankruptcy proceedings." *Id.* at 1319. The Eleventh Circuit has clearly rejected this "flexible approach." *See Warner v. Unsecured Creditors' Committee* (In re *Warner*), 94 B.R. 734, 735 n. 2 (M.D.Fla. 1988) (citing *In re Martin Brothers Toolmakers, Inc.,* 796 F.2d 1435, 1437 (11th Cir. 1986) and others).

---

4. The Dismissal Order was vacated except for one section which is not disputed in this appeal.

Second, the Seventh Circuit decision limited its holding to "these circumstances"; *i.e.*, the distinguishable issue in *Irvin* was the bankruptcy judge's abuse of discretion in overturning its order confirming the sale of an estate asset, which is allowed only in *extreme* cases. *Id.* at 1320 (noting bankruptcy court failed to state its reasons for setting aside confirmation of sale). In this case, the Bankruptcy Court has clearly relied on Rule 60(b), which allows the court much greater discretion to grant relief from a final order under the circumstances listed in the subparagraphs of the Rule. For these reasons, *In re Irvin* is inapposite to the instant case.

■ Hampton argues that the effect of the Relief Order was to "absolutely make [CPP's foreclosed] Tax Parcel subject to the jurisdiction of the [Bankruptcy] Court, to deem it property of the bankruptcy estate, and to subject it to the automatic stay," Doc. 19 at 6, thus the Court should entertain the appeal. The Court rejects this argument for two reasons.

First, the Bankruptcy Judge merely stated there was a "substantial probability the court will find that the foreclosure proceeding occurred in violation of the automatic stay," and specifically declined to rule on the reinstatement of the automatic stay.[5] Therefore, it is inappropriate for Hampton to argue that the Bankruptcy Court affirmatively reinstated the automatic stay.

Second, the CPP tax parcel is subject to the jurisdiction of the bankruptcy court only if it would have been prior to the October 1995 Dismissal Order, without the mistake, inadvertence, excusable neglect, or other reason that warranted relief under Rule 60(b). As HUD properly argues, the Relief Order is not final because the Bankruptcy Judge has merely vacated the Dismissal Order, but has not fully considered the merits of HUD's legal arguments, or made the applicable factual determinations, or entered a revised final order dismissing the case; thus, Hampton's rights have not been fully adjudicated.

Hampton admits the Bankruptcy Court has not ruled on the issue: "The fact that the [Bankruptcy] Court has not yet ruled that Hampton's purchase of the property of the City's sale of the tax parcel violates that automatic stay ..." Doc. 19 at 7. Clearly, the Bankruptcy Court's Relief Order did not conclude the litigation; CPP's Chapter 11 case remains open and issues regarding the automatic stay are unresolved.

Hampton argues that the Relief Order in this case should be treated as final because it is analogous to "final" orders that determine whether property is part of the bankruptcy estate. This analogy completely misses the mark. Hampton mistakenly fails to even mention the Bankruptcy Court's central concern in granting the Relief Motion: "the allegations of the involvement by insiders of the Debtor in [the tax foreclosure and sale to Hampton] and the failure of the Debtor to take affirmative steps to remedy the [tax foreclosure] situation...." Hearing Trans. at 8. This Court finds that the Bankruptcy Court's May 29, 1996 Relief Order, granted under Fed.R.Civ.P. 60(b) is not a final, appealable order. *Cf. In re Ashoka Enterprises, Inc.,* 156 B.R. 343 (S.D.Fla.1993) (bankruptcy court order is final when it resolves litigation, decides merits, determines rights of parties, settles liability, or establishes damages).

### C. Leave to appeal interlocutory order

Because the Relief Order is interlocutory, the Court will have jurisdiction only if an exception to the final order rule applies. Hampton argues that the collateral order and "delivery of physical property" exceptions apply. The collateral order exception applies in this case, Hampton contends, because whether the stay was violated and whether

---

**5.** I don't know, as a matter of law, whether the automatic stay will go into effect or whether it will not. And whatever the law is is the law. And if there is no automatic stay then there is no automatic stay unless somebody gets the functional equivalent of one by seeking an appropriate injunction under Rule 7001.... Even if there is not an automatic stay and somebody takes action against the Debtor or property of the Debtor, [the trustee] will be the one who will need to be served and he will be notified by that service of that action and he will be prepared to take whatever steps are necessary to protect the Debtor or the Debtor's property or the estate.

Transc. at 11–12.

the Bankruptcy Court can "recapture" jurisdiction over the foreclosed tax parcel are important separate issues "which have been conclusively determined through the [Relief] Order." The Court finds that these issues have not been conclusively determined. As the Court explained *supra*, the Bankruptcy Court has not affirmatively reinstated the automatic stay, nor has it determined that the stay was violated. Those issues have yet to be determined, therefore the collateral order exception does not apply. *Cf. In re Ashoka Enterprises, Inc.*, 156 B.R. 343, 345 (S.D.Fla.1993) (collateral order must be independent and easily separable from substance of other claims in action and present a need to secure prompt review in order to protect important interests of any party). Nor does the exception necessitated by prompt delivery of physical property apply here. As HUD properly contends, the Relief Order does not call for the delivery of any property and the exception is inapposite.

■ Hampton alternatively argues that this Court should exercise jurisdiction over her appeal because it is based on the Bankruptcy Court's lack of jurisdiction. Hampton relies on *National Passenger R.R. Corp. v. Maylie*, 910 F.2d 1181 (3d Cir.1990) and other cases for the proposition that an appeal is proper if the appellant contends that the court lacked power to grant the Rule 60(b) motion. The authors of the *Federal Practice* treatise offer the following criticism of such cases:

> There is now also substantial case law support for the proposition that an appeal will lie from the grant of the motion if the contention is that the court lacked power to grant it and not merely that it erred in granting the motion. *This seems an unwise doctrine*, since it multiplies interlocutory appeals and requires the appellate courts to pass on the claim of lack of power. The extraordinary writs provide sufficient relief in flagrant cases in which the lower courts have exceeded their authority under the rule.

11A Charles A. Wright, Arthur R. Miller & Mary K. Kane § 2872, at 426–27 (emphasis). The Court is not persuaded by the logic of *National Passenger* or the other nonbinding cases cited by Hampton.[6] To the contrary, the Court finds the reasoning of the authors of the *Federal Practice* treatise to be better reasoned and persuasive and rejects Hampton's contentions.

■ To the extent that Hampton belatedly seeks leave from this Court to appeal the Relief Order through her opposition to the Motion to Dismiss, the Court denies such leave to appeal. Hampton's request for leave to appeal is untimely since it was not sought until July 1, 1996, although the Notice of Appeal was filed April 8, 1996. Hampton has yet to file a motion for leave to appeal an interlocutory order, as required under Rule 8001(b). Fed.R.Bankr.Proc. 8001(b). *Cf. In re Immenhausen Corp.*, 164 B.R. 1004, 1007 (M.D.Fla.1994) (denying leave to appeal). Even if the motion for leave to appeal had been timely filed, Hampton has failed to present a sufficient basis for this Court to grant Hampton leave to appeal.

### D. Hampton's standing to appeal

■ HUD contends that Hampton does not have standing to appeal the Relief Order because Hampton's appearance in the matter came only after the case had been dismissed on October 20, 1995. Hampton does not dispute that she is not a creditor, equity or interest holder, or party in interest in the Chapter 11 case. Hampton argues that she has standing as a "good faith purchaser." Hampton's status as a "good faith purchaser" is clearly in dispute, given the allegations that insiders of the Debtor CPP orchestrated the tax parcel's purchase.

Regardless of Hampton's status, Hampton's appeal is premature and the Court finds that she does not have standing to appeal the Relief Order at this juncture. The Bankruptcy Court has not yet determined, nor had occasion to determine, that the tax foreclosure sale violated the automatic stay. Un-

---

**6.** The Court notes that Hampton cites the exact same five cases cited in footnote 12 of § 2872 of the *Federal Practice* treatise (without pincites or parentheticals), yet ignores the text which states that the holdings of those cases represent an "unwise doctrine." *See* 11A Charles A. Wright, Arthur R. Miller & Mary Kay Kane § 1871, at 426.

til the Bankruptcy Court makes such a determination, Hampton has no interest and there is no appealable issue. HUD's Motion to Dismiss for lack of appellate jurisdiction is due to be granted.

Based on the foregoing, it is ordered as follows:

1. Department of Housing and Urban Development's Motion to Dismiss Appeal for Lack of Appellate Jurisdiction (Doc. 14) is GRANTED.

2. Jules S. Cohen, Trustee's Motion to Dismiss Appeal for Lack of Appellate Jurisdiction (Doc. 17), which incorporated by reference HUD's Motion to Dismiss the Appeal, is GRANTED.

3. The Notice of Appeal filed by B.T. Hampton on April 8, 1996 is DENIED and the appeal is DISMISSED as this Court is without jurisdiction over the matter.

4. The Notice of Appeal filed by Cathedral Park Partners on April 18, 1996 is DENIED and the appeal is DISMISSED as this Court is without jurisdiction over the matter.

5. The Clerk is directed to CLOSE the file.